UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRITCHARD-GORDON TANKERS LTD., <br><br> Plaintiff, <br><br> - against - <br><br> WEST INDIES PETROLEUM LTD., <br><br> Defendant. | Civil Case No. 24-cv-7460 |

## VERIFIED COMPLAINT

Plaintiff, Pritchard-Gordon Tankers Ltd. ("Pritchard-Gordon"), by and through its attorneys, Freehill Hogan & Mahar LLP, brings this action pursuant to Federal Rule of Civil Procedure 9(h) and Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") against Defendant, West Indies Petroleum Ltd. ("West Indies"), and as and for its Verified Complaint against West Indies, alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) in that it involves claims for the breach of a maritime charter party contract for the lease of a ship. This Court has admiralty jurisdiction under 28 U.S.C. § 1333 and under Rule B.

2. Venue is proper in this District because, upon information and belief, West Indies' property is, or during the course of these proceedings will be, in the District and garnishees in possession of said property are located and can be served within this District.

### THE PARTIES

3. Pritchard-Gordon was at all relevant times and still is a business entity organized and existing under the laws of England with a registered office at North Lodge Slaugham Park, Handcross, Haywards Heath, England, RH17 6BG.

617274.1

4. Pritchard-Gordon was at all relevant times and still is the registered owner of a tanker vessel named the MT PANDA PG (the "Vessel").

5. Defendant West Indies was at all relevant times and still is a business entity organized and existing pursuant to the laws of Jamaica, with offices and a place of business at Goodwood Terrace, Kingston, Jamaica.

6. West Indies was at all relevant times and still is the time charterer of the Vessel.

7. West Indies cannot be found in this District within the meaning of Rule B. *See* Declaration of Peter J. Gutowski (the "Gutowski Declaration") ¶¶ 3-8, attached hereto as **Exhibit 1** and incorporated herein by reference.

## FACTUAL BACKGROUND

*Charter Party Terms*

8. Under a certain time charter party dated January 27, 2021, on an amended SHELLTIME 4 form with additional clauses (the "Charter Party"), Pritchard-Gordon agreed to let and West Indies agreed to hire the Vessel. A copy of the Charter Party is attached hereto as **Exhibit 2** and incorporated herein by reference.

9. The Vessel is a combined chemical and oil tanker and has been employed by West Indies since 2021, under multiple extensions, including Addendum 1 dated December 3, 2021, which extended the term of the Charter Party for a further 12-month period to February 18, 2022, (Ex. 2, at p. 32), and Addendum 2 dated December 23, 2022, which, *inter alia*, extended the term for a further 24-month period to February 18, 2025. (Ex. 2, at pp. 33).

10. The Charter Party, as amended, contains the following material terms:

   a. Under Clause 8 and Addendum 2, hire is to be paid at the rate of $15,500 per day and *pro rata* for any part of a day (Ex. 2, at pp. 16, 33);

   b. Under Clause 9, hire is to be paid in immediately available funds in US Dollars monthly in advance (Ex. 2, at p. 16); and

    c. Under Clause 9(b), interest is to be paid on any amount due but not paid on the due date from the day after the due date up to and including the day when payment is made. Interest is payable at a rate per annum which shall be 1% above the US Prime Interest Rate, computed on the basis of a 360-day year of twelve 30-day months. (Ex. 2, at p.16).

11.     The Charter Party is governed by English law, and all disputes arising thereunder must be resolved by arbitration in London, which has been commenced and is ongoing. (Ex. 2, at p. 27).

*<u>West Indies' Non-Payment of Hire</u>*

12.     In the course of the Charter Party and pursuant to its terms, Pritchard-Gordon issues monthly invoices to West Indies, payable in advance of the hire period for which the relevant invoice relates. Pritchard-Gordon has issued invoices to West Indies for hire due and owing between May and August 2024 (the "Invoices").

13.     However, West Indies has failed, neglected, or refused to pay the full sums due and owing under the Invoices. A copy of West Indies' current Statement of Account reflecting the balance due and owing under the Charter Party and all recent payment/billing activity is attached hereto as **Exhibit 3** and incorporated herein by reference.

14.     As reflected in the Statement of Account, and after credit for all sums paid and allowable offsets, there is an open balance of $793,866.30, which is overdue and remains unpaid.

## **BREACH OF CHARTER**

15.     Pritchard-Gordon repeats and realleges the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

16.     By reason of the foregoing, West Indies has breached the Charter Party and currently owes Pritchard-Gordon the principal sum of $793,866.30.

17. In addition to the principal sums due, Pritchard-Gordon seeks security in an amount which will cover the award of interest, attorneys' fees and costs, which are recoverable under English law.

18. Pritchard-Gordon calculates the interest component of its attachment application as $164,393.26 based upon an interest rate of 9.5%, the U.S. prime rate in effect when the Invoices became due (8.5%), plus 1% pursuant to Clause 9 of the Charter Party, compounded semi-annually and as projected out for a further two years within which entry of judgment on an arbitral award is anticipated.

19. Further, and because claims in arbitration in London under English law empower the arbitrators to award legal fees, Pritchard-Gordon also seeks security in an amount which will cover the anticipated legal fees incurred in connection with the presentation of this claim, estimated to be $100,000 in attorneys' fees and costs, with recoverable arbitral costs estimated at $30,000.

20. In total, therefore, Plaintiff Pritchard-Gordon estimates, as nearly as can be presently computed, that the total award and subsequent judgment will be $1,088,259.56, inclusive of the principal amount of the claim, interest, costs and attorneys'/arbitral fees.

21. Pritchard-Gordon respectfully reserves the right to continue to prosecute its claims in the agreed upon forum of London arbitration, where arbitration is ongoing – this action being one for security in connection with those claims.

### REQUEST FOR ORDER OF MARITIME ATTACHMENT

22. Upon information and belief, and after investigation, West Indies cannot be "found" within this District for purposes of Rule B, Gutowski Declaration ¶¶ 3-8, but West Indies has, or will during the pendency of this Action have, assets within this District comprising, *inter alia*, goods, chattels, credits, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its

behalf, is due to it for supplies of fuel made by it, or which is being transferred for its benefit, within this jurisdiction. *See* Gutowski Declaration ¶¶ 9-11.

23. Pritchard-Gordon has specific information and details for bank account(s) at Citibank which are within this District out of which payments being made by West Indies were originating. Gutowski Declaration ¶ 10.

24. While all disputes arising out of the Charter Party will be heard in London Arbitration pursuant to English law, this action has been filed in accordance with Rule B to obtain jurisdiction over Defendant West Indies and for a maritime attachment to obtain security for Prichard Gordon's maritime breach of contract claim against West Indies.

25. The total amount of West Indies' funds to be attached is $1,088,259.56.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pritchard-Gordon prays:

i) That process in due form of law according the practice of this Court in the form of a writ of maritime attachment be issued against Defendant West Indies, in the amount of $1,088,259.56, and if West Indies cannot be found in this District pursuant to Rule B, that their goods, chattels, credits, bills of lading, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its behalf, or which is being transferred for its benefit, within this District may be attached in an amount sufficient to answer Pritchard-Gordon's claims;
s
ii) That West Indies or any other person claiming an interest in the property attached may be cited to appear and answer for the matters aforesaid;

iii) That this Court enter an order appointing a special process server pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure and Supplemental Rule B and authorizing service electronically, by personal service of the writ on Citibank, or by any other means accepted by garnishee Citibank;

iv) That this Court retain jurisdiction over this matter through the entry of any final judgment following issuance of an award in London arbitration; and

v) That the Court grant any other relief in favor of Plaintiff that it deems just and proper under the circumstances.

Dated: New York, New York
       October 2, 2024

                        Respectfully submitted,
                        FREEHILL HOGAN & MAHAR LLP
                        *Attorneys for Plaintiff Pritchard-Gordon*

                        /s/ *Peter J. Gutowski*
By:   _____
                        Peter J. Gutowski
                        Yaakov U. Adler
                        80 Pine Street 25th Floor
                        New York, N.Y. 10005-1759
                        T. 212.425.1900 | F. 242.425.1900
                        gutowski@freehill.com / adler@freehill.com

617274.1

## ATTORNEY VERIFICATION

Pursuant to 28 U.S.C. § 1746, Peter J. Gutowski declares and states:

1. I am a Partner with the law firm of Freehill Hogan & Mahar LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by representatives/counsel of the client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign business entity, none of whose officers are presently within this Judicial District.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 2, 2024

/s/ *Peter J. Gutowski*
_____
Peter J. Gutowski

617274.1